**10   4898**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 25 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X

STEVEN CASTRO,

Plaintiff,

-against-

CITY OF NEW YORK, COUNCIL OF THE CITY OF NEW YORK, COUNCIL SPEAKER CHRISTINE C. QUINN, sued in her official and individual capacity, COUNCIL MEMBER JULISSA FERRERAS sued in her official and individual capacity, and YOSELIN GENAO, DEPUTY CHIEF OF STAFF, sued in her official and individual capacity,

Defendants.

-----------------------------------------X

COMPLAINT AND JURY DEMAND

Docket No.:

GERSHON, J

POHORELSKY M.J.

The plaintiff, STEVEN CASTRO, by his attorneys, Cronin & Byczek, LLP, as and for his complaint against the Defendants, respectfully sets forth and alleges that:

## INTRODUCTION

1.   This is an action for equitable relief and money damages on behalf of the plaintiff, STEVEN CASTRO, (hereinafter referred to as "plaintiff") who was, and who is prospectively deprived of his Constitutional and Statutory rights as a result of the defendants' policy and practice of differentiating between disabled and non-disabled employees in the terms and conditions of their employment. Said policy was implemented under color of law.

2.   Defendant, THE CITY OF NEW YORK, (hereinafter referred to as "defendant") illegally, maliciously, and with prior notice that they would violate the laws and Constitution of the United States

1

and the State of New York and thereby violate plaintiff's civil rights, implemented a policy depriving qualified disabled employees including plaintiff of a reasonable accommodation as required by law. Most egregiously Defendants hired plaintiff as a full-time employee and failed to pay him any wages or provide him benefits for 7 months and then paid at a rate in violation of Federal and State Law. In addition, defendants' altered the terms and conditions of plaintiff's employment because of his handicap and disability.

## NATURE OF THE ACTION

3.   This is an action for damages and equitable relief under Title I of the Americans With Disabilities Act of 1990 (hereinafter "ADA"), the Rehabilitation Act of 1973, 29 U.S.C. §794, Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1983, and New York State Executive Law §296 and N.Y.C. Admin. Code §8-107 to correct unlawful employment practices on the basis of the plaintiff's disability and to make plaintiff whole. Defendants' deprived plaintiff of a reasonable accommodation, and altered the terms and conditions of his employment because of his handicap and disability. Plaintiff also claims that he was subjected to a hostile work environment and was retaliated against for his prior complaints to his supervisors,

2

4.   This is also an action for equitable relief on behalf of the plaintiff, to prohibit defendants' unlawful implementation of a policy directed towards disabled employees which alters the terms and conditions of plaintiff's employment and to order the reinstatement of the plaintiff to his position of "Council's Aide".

5.   Plaintiff was employed by Defendants on a full time basis, Monday through Friday working from 9:00 a.m. to 5:00 p.m., as a Council Aide to Council Woman Julissa Ferreras in District 21 of the New York City Council. Plaintiff began his employment on September 7, 2009 until he was terminated on March 17, 2009 Although Plaintiff worked approximately 40 to 47 hours per week during his employment, Defendants did not pay plaintiff for all his hours worked for 6 months and then paid at a rate below minimum wage, and did not pay time and a half for hours worked over forty (40), a blatant violation of the provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

6.   Although Plaintiff worked 8 to 10 hours per day – 5 days a week for over 6 months, he was never paid. On the 7th month, Defendants only paid Plaintiff for 3 to 5 hours per day and specifically defendants did not pay plaintiff's spread of hour payments for each day he worked more than 8 hours, a blatant violation of the New York Minimum Wage Act and its implementing regulations.  (N.Y.Labor Law §§650 et seq.; 12 NYCRR §142-2.4.)

3

7. As a result of these violations of Federal and State Labor Laws, plaintiff seeks compensatory damages and liquidated damages in an amount exceeding One Hundred Thousand Dollars. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION

8. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§§§§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), pursuant to section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1983. In addition, the pendant jurisdiction of this Court is invoked with regard to plaintiff's claims sounding in New York State Executive Law §296, and the New York City Administrative Code §8-107.

9. The rights, privileges, and immunities sought herein to be redressed are also those secured by the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution, and state and federal provisions against disability discrimination based on 42 U.S.C. §1983.

10. This Court also has subject matter jurisdiction over Plaintiff's Federal claims pursuant to the FLSA, 29 U.S.C. §216.

11. This Court also has supplemental jurisdiction over Plaintiff's State Labor Law claims pursuant to 28 U.S.C. §1367.

12.   This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## VENUE

13.   Venue is proper within this District, as the acts complained of were and are being committed within its boundaries.

## ADA PREREQUISITES

14.   On or about April 15, 2010, plaintiff made a dual filing of a complaint of discrimination, hostile work environment and retaliation with the United States Equal Employment Opportunity Commission, hereinafter referred to as the "EEOC", and the New York State Division of Human Rights, hereinafter referred to as "NYSDHR".

15.   Subsequent to filing of the complaint, the EEOC then issued a Right to Sue Notice, a copy of which is annexed hereto and made a part hereof as Exhibit "A", advising plaintiff that he had the right to institute a Civil Action, and NYSDHR dismissed the charge for Administrative Convenience due to the intention of claimant to file a Federal action.

16.   Plaintiff complied therewith by filing suit with this Court within the limitations period.

## **PARTIES**

17.   Plaintiff, STEVEN CASTRO, is a resident of the State of New York, a citizen of the United States, and a resident of Queens County and is over twenty-one (21) years of age having been born on July 27, 1986.

18.   The defendant, CITY OF NEW YORK, was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times was plaintiff's employer.

19.   The defendant, COUNCIL OF THE CITY OF NEW YORK, was and is the lawmaking body of New York City.  It is composed of 51 elected council members who each represent a Council District in one of the five (5) boroughs of the City.  The Council claims to be an equal opportunity employer that employs qualified individuals without regard to disability and, at all relevant times, was Plaintiff's employer.

20.   Upon information and belief, and at all times hereinafter mentioned, Defendant, CHRISTINE C. QUINN, was a resident of the City of New York, and the State of New York and is the Speaker for the Council of the City of New York which includes Council District 21. The Speaker was acting within the scope of her employment and under the color of law.  This defendant is sued both in her official capacity and individually.

6

21.   Upon information and belief, and at all times hereinafter mentioned, Defendant, JULISSA FERRERAS, was a resident of the City of New York, Queens County and the State of New York and was elected in 2009 to represent New York City Council District 21 which includes Elmhurst, East Elmhurst, Corona and Jackson Heights neighborhoods in Queens. The Council Woman was acting within the scope of her employment and under the color of law.  This defendant is sued both in her official capacity and individually.

22. Upon information and belief FERRERAS is responsible for the institution and application of policies concerning the denial of an accommodation to plaintiff and a denial of wages.

23.   Upon information and belief and at all times hereinafter mentioned, Defendant, YOSELIN GENAO was a resident of the City of New York and County of Queens and the State of New York; was employed by the New York City Council as a Deputy Chief of Staff in District 21 of the New York City Council and was acting within the scope of her employment and under color of law.  This Defendant is sued both in her official capacity and individually.

24. Upon information and belief, GENAO is responsible for the institution and application of all personnel policies, including, without limitation that policy concerning the denial of an accommodation to the plaintiff and payment of wages to the Plaintiff.

7

## BACKGROUND

25.   Plaintiff sustained a serious injury at birth resulting in permanent disability that rendered the Plaintiff with the disability of Cerebral Palsy.  Plaintiff is high functioning, can ambulate on his own, drive a motor vehicle and is capable of full time work.

26.   Plaintiff was employed by the City of New York and specifically the Council of the City of New York from September 7, 2009 until his wrongful constructive discharge on March 17, 2010.

27.  In or about September 2009 Plaintiff was hired by the New York City Council as a full time (Monday through Friday 9 a.m. – 5 p.m.) "Council's Aide" assigned to the 21st District, a position which he held until on or about March 17, 2010.  Pursuant to the Employment Application Process Plaintiff filled out numerous documents and signed numerous papers in connection with pension and medical benefits.  The "Employment Application Packet" required notarization in many respects and Plaintiff secured a Commissioner of Deeds to certify his signatures before submitting them to Defendants.

28.   Upon information and belief, the position of "Council's Aide" is essentially an office worker, computer-oriented desk job.

29.   At all relevant times plaintiff is and was a qualified individual despite his disability, capable of performing the essential elements of his job function with the minor accommodation

8

of having to attend to his medical needs approximately 1-2 days every other month or so.

30.  From September 7, 2009 until October 19, 2009 Plaintiff worked his full time schedule often working overtime each week without payment of any kind.  At the end of each payroll period Plaintiff inquired of the Office Manager, Angel Audiffred, hereinafter "AUDIFFRED", GENAO and FERRERAS as to the forthcoming of his paycheck.  Each time Plaintiff was told the paperwork was still being processed and he would have to wait for his paycheck; "be patient".

31.  Contrary to the parameters outlined to him during the Employment Application Process and in direct contrast to the "Work Plan" that was created by the Office Manager AUDIFFRED, Plaintiff was required to perform the functions of a messenger, janitor and general "gopher".  Plaintiff performs these functions without complaint often being required to travel long distances on the subway at his own expense carrying heavy boxes to and from the District office in Queens and the main Council's Office in downtown Manhattan, cleaning the offices and emptying garbage.

32.  Plaintiff requested but was denied equal treatment with respect to his travel expenses in that other office staff were given "Metrocards" to travel on the subways.

33.  On or about October 19, 2009, Defendants' office Manager Angel Audiffred advised Plaintiff that he would be accommodated

9

concerning his request to be absent from work and attend two doctors' appointments.

34.  Thereafter Plaintiff continued to work Monday through Friday 9-5 without pay up to and including December 2009. During this period of time Plaintiff continued to inquire as to the whereabouts of his paychecks and solicited the help of his guardian and family member to inquire as well, all to no avail.  In or about this period of time Plaintiff was told that his paperwork was "lost" and that he would be required to fill out another Employment Packet and re-submit same.  Plaintiff complied and filled out another entire Employment Packet and submitted it.  At that time, Plaintiff complained to his supervisors AUDIFFRED, GENAO and FERRERAS that he believed that he was being discriminated against because of his disability.

35.  During the Christmas holidays FERRERAS required Plaintiff to clean the basement by himself, ready it for a children's' Christmas party, decorate and haul dozens upon dozens of Christmas gifts for the children down to the basement.  Plaintiff performed these tasks over several days in which he worked over 10 hour days. At that time Plaintiff spoke with FERRERAS and complained that he was being treated different than others because of his physical disability and that he was humiliated and embarrassed because he believed he was being treated like a "slave".  FERRERAS did not respond to Plaintiff's complaints.

36.   Pursuant to the New York City Council's policy on Harassment and Discrimination all three of the aforementioned supervisors should have reported the complaint to either the EEO Officer or a member of the City Council's Equal Employment Committee or EEC. Upon information and believe no such reporting was made.

37.   During Plaintiff's entire employment he was treated with hostility by both FERRERAS and GENAO.   GENAO frequently criticized Plaintiff in front of co-workers and repeatedly snapped her fingers at him to move faster and sighed and "sucked her teeth" at him to express her dissatisfaction.   However, the Officer Manager AUDIFFRED assured Plaintiff on each occasion that he was doing a good job.   Plaintiff was made to feel uncomfortable and humiliated because FERRERAS ignored him and spoke to the entire staff without including Plaintiff and subjected him to a hostile work environment.

38.   On or about early February 2010 Plaintiff had a conversation with Councilwoman FERRERAS insisting that he be paid for his work.   Although Plaintiff had filled out timesheets from September to February, he did not keep a copy for his records and was unable to recreate with the specificity FERRERAS' required. FERRERAS angrily suggested that she would pay him a retroactive "stipend".

39.    Thereafter on February 17, 2010 FERRERAS retaliated against CASTRO and scheduled him to work only one day a week for 4 hours commencing on February 22, 2010.  Plaintiff worked his one day Thursday, February 25, 2010 and again had a conversation with FERRERAS in which he demanded his back pay to no avail.

40.  On or about March 17, 2010 Plaintiff was given a check for $3,425.00.  Said check was insufficient monies to compensate him for his hours worked under the Minimum Wage Law, norless under the agreement that he be paid $14.00 per hour.  Plaintiff had a final conversation with FERRERAS in which she further retaliated against him by announcing that she would further reduce his hours to only 2 hours per week, "take it or leave it".

41.  As a result, Plaintiff was constructively discharged on March 17, 2010.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT

42. Plaintiff repeats and realleges each and every allegation set forth in paragraph "1" through "41" with the same force and effect as though fully set forth herein.

43. At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, with the meaning of the FLSA, 29 U.S.C. §§206(a) and 207(a).

44. At all relevant times, Defendants employed Plaintiff

12

within the meaning of the FLSA.

45. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.00.

46. At all relevant times, the Defendants had a policy and practice of refusing to pay employees for all the hours worked by them as well as refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per work week.

47. As the hands-on managing Chief Executive Officer of The Council of the City of New York, District 21, FERRERAS had personal knowledge of the Council of the City of New York's payroll practices and they directed and controlled plaintiff's work, along with the manner in which the Plaintiff was paid. FERRERAS participated in the manner in which Plaintiff was paid, and was the sole beneficiary of the pecuniary gains achieved by failing to pay Plaintiff all legally required wages.  By failing to pay Plaintiff all legally requires wages, FERRERAS maximized her ability to compensate herself or use the monies on her own travel and expenses.

48. As a result of the Defendants willful failure to compensate its employee for all the hours worked by him, and failure to compensate its employee at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, the Defendants have

13

violated and, continue to violate, the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. §§207 (a)(1) and 215(a).

49. As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. §§211(c) and 215(a).

50. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

51. Due to the Defendants' FLSA violations, Plaintiff is entitled to recover from the Defendants, his unpaid compensation including unpaid regular wages and overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NEW YORK LABOR LAW

52. Plaintiff repeats and realleges each and every allegation as set forth in paragraphs "1" through "51" with the same force and effect as though fully set forth herein.

14

53. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

54. Defendants willfully violated Plaintiff's rights: (i) by failing to pay him compensation for all of his hours worked, overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of the New York Labor Law and its regulations; (ii)by failing to pay an extra hour's pay at minimum wages for shifts of ten (10) hours or longer.

55. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid wages and unpaid overtime compensation, an additional hour of pay for each hour worked in excess of ten hours in one day, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law §663(1) et al and §195-d.  Plaintiff seeks liquidated damages, pursuant to New York Labor Law §663(1).

## AS AND FOR A THIRD CAUSE OF ACTION UNDER THE AMERICANS WITH DISABILITIES ACT

56.  The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "55" with the same force and effect as if fully set forth herein.

15

57.   At all relevant times, plaintiff has been an individual with a disability within §3(2) of the Americans with Disabilities Act, 42 U.S.C. §12102(2).   More particularly, plaintiff has a physical impairment that substantially limits one or more of his major life activities, has a record of such an impairment, and/or is regarded by defendants as having such an impairment.

58.   Plaintiff is a qualified individual with a disability as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, plaintiff is an individual with a disability who, with minor reasonable accommodation, can perform the essential functions of his job.

59.   Defendants are and were plaintiff's employer and is covered by the terms of the ADA

60.   Defendants have refused to make a reasonable accommodation to plaintiff and/or has dispensed with the reasonable accommodation they had been providing.

61.   Defendants have altered the terms and conditions of plaintiff's employment because of his handicap, to include terminating his employment.

62.   Defendants failure to make reasonable accommodations to plaintiff's physical disability and their disparate treatment of the plaintiff constitutes discrimination against plaintiff with respect to the terms, conditions, or privileges of employment.

16

Defendants actions constitute a violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. §12112(b)(5)(A).

63. Defendants acted with malice or with reckless indifference to the federally protected rights of plaintiff.

64. As a direct and proximate result of defendants discrimination on the basis of disability or perceived disability plaintiff has suffered lost wages and benefits and lost employment opportunities.

65. Defendants failure to make a reasonable accommodation to plaintiff has caused, continues to cause, and will cause plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, as well as other nonpecuniary losses.

66. As a consequence of defendants' unlawful employment practices, plaintiff is entitled to compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS together with interest.

67. Defendants violation of the ADA was willful, and plaintiff is entitled to punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT

68. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "67" with the same force and effect as if fully set forth herein.

17

69. Plaintiff was engaged in activity protected by the ADA wherein he filed complaints of discrimination due to his disability.

70. Defendants were aware that Plaintiff had filed complaints with his supervisors and then with the EEOC and New York State Division of Human Rights regarding discrimination under the ADA.

71. As a result of Plaintiff's filing complaints of discrimination with his supervisors, the New York State Division of Human Rights and EEOC, adverse action was taken against the Plaintiff.

72. Plaintiff's complaints to the New York State Division of Human Rights and EEOC and the disciplinary actions taken against him are causally connected.

73. As a consequence of Defendants unlawful employment practices, Plaintiff is entitled to compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS together with interest.

74. Individual Defendants' violation of the ADA was willful, and Plaintiff is entitled to punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

## AS AND FOR A FIFTH CAUSE OF ACTION PURSUANT
## TO 42 U.S.C. §1983 AGAINST ALL INDIVIDUAL DEFENDANTS

75.    The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "74" with the same force and effect as if fully set forth herein.

76.    Throughout the aforementioned events recited herein, the Defendants, while acting under the color of law, subjected the plaintiff to the deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States and specifically the Equal Protection and Due Process guarantees of the Fourteenth Amendment of the Constitution, as well as plaintiff's rights under Federal and State statutes.

77.    Defendants have altered rules and regulations and have amended existing policies of anti-discrimination and harassment so as to eliminate the employment of disabled employees.

78.    Plaintiff has been damaged and suffered emotional distress and conscious pain and suffering as a result of these actions.

79.    In addition to plaintiff, upon information and belief, defendants have similarly violated the rights of other employees, all as part of a deliberate policy and a deliberate course of conduct.

19

80.  As a result of the aforesaid wrongful, reckless and intentional acts of the defendants, the plaintiff has been damaged in the amount of FIVE HUNDRED THOUSAND ($500,000.00) Dollars.

81.  The actions and omissions of the defendants as herein before stated were willful and malicious acts.

82. Based on the foregoing, plaintiff is entitled to punitive and exemplary damages in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

**AS AND FOR A SIXTH CAUSE OF ACTION PURSUANT**
**TO REHABILITATION ACT OF 1973 (29 U.S.C. §794)**

83.  The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "82" with the same force and effect as if fully set forth herein.

84.  At all relevant times, plaintiff has been an individual with a disability within §7(8) of the Rehabilitation Act of 1973, 29 U.S.C. §706(8).  More particularly, plaintiff has a physical impairment that substantially limits one or more of his major life activities, has a record of such an impairment, and/or is regarded by defendants as having such an impairment.

85.  Plaintiff is a qualified individual with a disability as that term is defined in §7(8) of the Rehabilitation Act of 1973, 29 U.S.C. §706(8).  More specifically, plaintiff is an individual with a disability who, with reasonable accommodation, can perform the essential functions of his job.

20

86. Upon information and belief, defendants are the recipients of federal financial funding.

87. Defendants have refused to make a reasonable accommodation to plaintiff and/or has dispensed with the reasonable accommodation they had been providing.

88. Defendants have altered the terms and conditions of plaintiff's employment because of his disability, to include terminating his employment.

89. Defendants' failure to make reasonable accommodations to plaintiff's physical disability and their disparate treatment of the plaintiff constitutes discrimination against plaintiff with respect to the terms, conditions, or privileges of employment. Defendants' actions constitute a violation of §504 of the Rehabilitation Act of 1973, 29 U.S.C. §794.

90. Defendants' acted with malice or with reckless indifference to the federally protected rights of plaintiff.

91. As a direct and proximate result of defendants discrimination on the basis of disability or perceived disability plaintiff has suffered lost wages and benefits and lost employment opportunities.

92. Defendants' failure to make a reasonable accommodation to plaintiff has caused, continues to cause, and will cause plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, as well as other nonpecuniary losses.

93. As a consequence of defendants' unlawful employment practices, plaintiff is entitled to compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS together with interest.

94. Defendants' violation of the ADA was willful, and plaintiff is entitled to punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### BASED ON HOSTILE WORK ENVIRONMENT

95. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" to "94" with the same force and effect as if fully set forth herein.

96. The Defendants intentionally and wrongfully discriminated against the Plaintiff in his employment on the account of his disability and retaliated by creating a hostile work environment in violation of the Constitution of the United States and applicable statutes.

97. Defendants knew or should have known that their Defendant-employees have a propensity to act in a harassing and discriminatory manner.

98. Defendants' harassments were severe and pervasive so as to alter the conditions of Plaintiff's employment causing Plaintiff to be unjustly disciplined.

99. As a result, the Defendants' actions created an abusive

22

working environment in that the Plaintiff was verbally harassed in the presence of fellow employees.

100. The Defendants' conduct caused irreparable damage to the Plaintiff.

101. As a result of these negligent, wrongful, careless, reckless and intentional acts of the Defendants, Plaintiff suffered severe and extreme emotional distress and conscious pain and suffering.

102. As a result of the Defendants' conduct, the Plaintiff has been damaged in the amount of FIVE HUNDRED THOUSAND ($500,000) Dollars.

## AS AND FOR A EIGHTH CAUSE OF ACTION PURSUANT TO THE NEW YORK STATE EXECUTIVE LAW §296

103. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "102" with the same force and effect as if fully set forth herein.

104. Based on the foregoing, the defendants intentionally and willfully discriminated against the plaintiff in his employment on account of his disability in violation of New York State Executive Law §296.

105. As a result of the defendants= actions and of the deprivations of plaintiff's rights as guaranteed under New York State Executive Law §296, the plaintiff has been damaged.

106. As a result of the negligent, wrongful, careless, reckless and intentional acts of the defendants, the plaintiff is seeking compensatory and punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

## AS AND FOR A NINTH CAUSE OF ACTION PURSUANT TO THE NEW YORK CITY HUMAN RIGHTS LAW

107. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "106" with the same force and effect as if fully set forth herein.

108. Based on the foregoing, the defendants intentionally and willfully discriminated against the plaintiff in his employment on account of his disability in violation of New York City Human Rights Law, N.Y.C. Admin. Code §8-107.

109. As a result of the defendants' actions and of the deprivations of plaintiff's rights as guaranteed under New York City Human Rights Law, the plaintiff has been damaged.

110. As a result of the negligent, wrongful, careless, reckless and intentional acts of the defendants, the plaintiff is seeking compensatory and punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

## AS AND FOR A TENTH CAUSE OF ACTION FOR EQUITABLE RELIEF

111. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "110" with the same force and effect as if fully set forth herein.

24

112. Defendants have embarked on a course of conduct that deprives the plaintiff and other council employees of their rights under the United States Constitution and federal and state law in violation of 42 U.S.C. §1983.

113. The facts and circumstances cited above with reference to the Constitutional and other civil rights violations suffered by plaintiff and other city council employees is an example of how the Defendants have violated plaintiff's civil rights.

114. By virtue thereof, plaintiff is entitled to equitable relief, prohibiting the defendants from continuing to violate plaintiff's and other disabled employees' civil rights as hereinbefore stated, and affording plaintiff a reasonable accommodation and reinstatement to his position of "Council's Aide".

## COSTS AND ATTORNEYS' FEES

Plaintiff is entitled by law to recover his costs and reasonable attorneys' fees in this action.

WHEREFORE, plaintiff demands judgment as follows:

**In the First Cause of Action:**

(a)   A declaratory judgment that the practices complained of herein are unlawful under FLSA and the New York Labor Law;

(b)   An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

(c)   An award of regular wages, overtime wages, reimbursement for travel expenses, an extra hour's pay for shifts of ten (10) hours or more, due under the FLSA and the New York Labor Law;

(d)   An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. §216 and the New York Labor Law;

(e)   An award of prejudgment and post judgment interest;

**In the Second Cause of Action:**

(a)   A declaratory judgment that the practices complained of herein are unlawful under FLSA and the New York Labor Law;

(b)   An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

(c)   An award of regular wages, overtime wages, reimbursement for travel expenses, an extra hour's pay for shifts of ten (10) hours or more, due under the FLSA and the New York Labor Law;

(d)   An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. §216 and the New York Labor Law;

(e)   An award of prejudgment and post judgment interest;

**In the Third Cause of Action:**

Compensatory damages in favor of plaintiff against the defendants in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS;

**In the Fourth Cause of Action:**

Compensatory damages in favor of plaintiff against the defendants in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS;

**In the Fifth Cause of Action:**

Compensatory damages in favor of plaintiff against the defendants in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS;

**In the Sixth Cause of Action:**

Compensatory damages in favor of plaintiff against the defendants in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS;

**In the Seventh Cause of Action:**

Compensatory damages in favor of plaintiff against the defendants in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS;

**In the Eighth Cause of Action:**

Compensatory damages in favor of plaintiff against the defendants in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS;

**In the Ninth Cause of Action:**

Compensatory damages in favor of plaintiff against the defendants in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS;

**In the Tenth Cause of Action:**

Plaintiff is entitled to equitable relief;

Granting the plaintiff costs and reasonable attorneys' fees and such other and further relief as may be just.

### JURY TRIAL

The plaintiff, STEVEN CASTRO, requests a jury trial on all questions of fact raised by the Complaint.

Dated:      Lake Success, New York
            October 25, 2010

                    Yours, etc.

                    CRONIN & BYCZEK, LLP

            By:     Linda M. Cronin (LC-0766)
                    Attorneys for Plaintiff
                    1983 Marcus Avenue, Suite C-120
                    Lake Success, NY 11042-1016
                    516 358-1700

Oct 20 2010 2:44PM   EEOC-NYDO                    212-336-3625              P.2

EEOC Form 161 (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:   Steven Castro
      62-84 60th Drive
      Maspeth, NY 11378

From:   New York District Office
        33 Whitehall Street
        5th Floor
        New York, NY 10004

☐ On behalf of person(s) aggrieved whose identity is
   CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2010-02945 | Holly M. Woodyard,<br>Investigator | (212) 336-3643 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒  Other (briefly state)        Charging Party wishes to pursue matter in court.

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

_____
Spencer H. Lewis, Jr.,
Director

8/4/10
(Date Mailed)

Enclosures(s)

cc:   CITY OF NEW YORK, CITY COUNCIL
      Office of Counsel 250 Broadway, 15th fl.
      Attn: Human Resources Director
      New York, NY 10007

      Linda M. Cronin, Esq.
      Cronin & Byczek, LLP
      Attorney and Counselors at Law
      Fountains at Lake Success
      1983 Marcus Ave., Suite C-120
      Lake Success, NY  11042