FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 17 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
STEVEN CASTRO,

                                                    MEMORANDUM
                                                  AND ORDER
                          Plaintiff,

                                                  10-cv-4898 (NG)(VVP)

    - against -

CITY OF NEW YORK, COUNCIL OF THE
CITY OF NEW YORK, SPEAKER CHRISTINE
C. QUINN, sued in her official and individual capacity,
COUNCIL MEMBER JULISSA FERRERAS, sued in
her official and individual capacity, and YOSELIN
GENAO, DEPUTY CHIEF OF STAFF, sued in her
official and individual capacity,

                                                Defendants.
------------------------------------------------------------x

GERSHON, United States District Judge:

      Plaintiff Steven Castro brought this action seeking damages and equitable relief under various federal and state statutes, including the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, and the New York State and New York City Human Rights Laws. By Opinion and Order filed June 5, 2014, this court granted defendants' motion for summary judgment dismissing the federal claims and declined to exercise supplemental jurisdiction over the state law claims. *Castro v. City of New York*, --- F.Supp.2d ---, 2014 WL 2582830 (E.D.N.Y, June 5, 2014). On June 6, 2014, the Clerk of Court entered judgment dismissing all of plaintiff's claims. (ECF Doc. # 56.) On June 30, 2014, defendants submitted a bill of costs pursuant to Rule 54 of the Federal Rules of Civil Procedure, Local Civil Rule 54.1, and Sections 1920 and 1921 of Title 28 of the United States Code. (*See* ECF Doc. #57.)

1

The taxable costs sought by defendants total $962.20, which amount is comprised entirely of expenses relating to preparation of transcripts from the examinations before trial of three individuals: the plaintiff, Steven Castro; plaintiff's uncle, non-party Charles Castro; and another non-party, one Sylvia Miranda. Defendants contend that each of these deposition transcripts was "necessary for use in preparing the papers supporting [their] motion for summary judgment" and that the associated costs are specifically authorized by the Local Rules. (Eichenholz Decl. ¶¶ 8-12.[1]) Defendants do not seek attorney's fees.

Plaintiff opposes the application for costs, arguing that "[d]efendants have failed to demonstrate the well-established standards necessary to recover costs; it has not been shown that the action was frivolous, unreasonable or groundless." (Plf. Opp. 3.[2]) Plaintiff further argues that the court should consider his limited financial resources.

For the reasons set forth below, the court is not persuaded by plaintiff's arguments. However, because it is not clear from the papers submitted that the defendants are entitled to all of the costs they seek, defendants are directed to submit additional information.

## DISCUSSION

### I. Applicable Law

Taxation of costs is governed by Rule 54 of the Federal Rules of Civil Procedure and Local Civil Rule 54.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"). Federal Rule 54(d) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees– should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Rule further provides

---

[1] Declaration of Eric Eichenholz in Support of Defendants' Application for Costs Against Plaintiff, ECF Doc. #57.
[2] Opposition to Application for Costs Sought Against Plaintiff, ECF Doc. #59.

2

that the clerk of court "may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." *Id.*

The Local Rules provide some additional procedural guidelines. Rule 54.1 provides that a party seeking to recover costs must, within thirty days after the entry of final judgment, file and serve upon the other party, "a notice of taxation of costs indicating the date and time of taxation and annexing a bill of costs." Local Civ. R. 54.1(a). The time and date indicated must comply with the 14-day timeframe set by Fed. R. Civ. P. 54(d), and the bill of costs must "include an affidavit that the costs claimed are allowable by law, are correctly stated and were necessarily incurred. Bills for the costs shall be attached as exhibits." *Id.* Any objection must be filed on or before the date of taxation; if no objection is received, "any item listed may be taxed within the discretion of the Clerk." Local Civ. R. 54.1(b).

## II. Analysis

### A. The Imposition of Costs

Defendants filed their notice of taxation of costs on June 30, 2014 and set the date for taxation at July 18, 2014. (*See* ECF Doc. #57.) Plaintiff filed his objection on July 17, 2014 and defendants responded by filing a "reply memorandum of law" on July 30, 2014. (*See* ECF Docs. #59, 60.) Although the Federal Rule contemplates that the objecting party will seek court review by motion *after* the clerk has taxed the allowable costs, there is no reason for this court to await the clerk's determination before deciding the motion "because, once the objections are filed, the Court must decide the costs issue de novo regardless of the determination by the Clerk of the Court." *Catalano v. Lynbrook Glass & Architectural Metals Corp.*, 2009 WL 4342507, at *2, n.1 (E.D.N.Y., Dec. 1, 2009); *see also Howell v. NYC Leadership Academy, Inc.*, 2008 WL 5336891, at *3 (S.D.N.Y., Dec. 20, 2008) (deciding a motion for costs notwithstanding

3

defendant's failure to comply with Local Rule 54.1). This court therefore exercises its discretion to "decide the cost question [it]self." *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001) (alteration in original).

As stated, plaintiff argues against the imposition of costs because defendants have not shown that this action was "frivolous, unreasonable or groundless." However, it is neither the defendants' burden to make such a showing, nor is the standard cited by the plaintiff relevant to an application for costs.

First, "[g]iven the language of Rule 54(d), 'an award against the losing party is the normal rule obtaining in civil litigation, not an exception. . . . For this reason, the losing party has the burden to show that costs should not be imposed.'" *Pierre v. City of New York*, 2008 WL 1700441, at *2 (E.D.N.Y., Apr. 9, 2008) (quoting *Whitfield*, 241 F.3d at 270) (ellipsis in original).[3]

Next, the cases cited by plaintiff are wholly inapposite, as each one of them relates, specifically, to attorney's fees, and not to taxable costs. *See, e.g., Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 417 (1978) (discussing the applicable standard for an *attorney's fee award* to prevailing defendant in a Title VII action); *Davidson v. Keenan*, 740 F.2d 129, 133 (2d Cir. 1984) ("the proper test for [*an attorney's fee*] award is whether the claim itself is clearly meritless") (emphasis added); *LeBlanc-Sternberg v.*

---

[3] Rule 54(d) was amended on December 1, 2007. The previous version of the Rule, to which *Whitfield* specifically refers, provided that "costs other than attorney's fees *shall be allowed as of course to the prevailing party* unless the court otherwise directs." Former Fed. R. Civ. P. 54(d)(1) (emphasis added). However, since the change was not substantive, "Second Circuit case law interpreting the prior language is equally applicable to the current Rule." *Pierre*, 2008 WL 1700441, at *2 n.2 (citing Advisory Committee's Notes on 2007 Amendments to Fed.R.Civ.P. 54 ("The language of Rule 54 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.")).

4

*Fletcher*, 143 F.3d 765, 769-72 (2d Cir. 1998) (affirming the district court's denial of an individual defendant's motion for *attorney fees* under 42 U.S.C. § 1988); *Rounseville v. Zahl*, 13 F.3d 625, 632 (2d Cir. 1994) (reversing the district court's attorney fee award because plaintiff's "claim at the time of filing was not so frivolous, unreasonable, or groundless as to justify an award of defendants' *attorney's fees* under section 1988") (emphasis added). Furthermore, the Second Circuit Court of Appeals has expressly declined to apply the "frivolous, unreasonable, or groundless" standard to an application for costs by a prevailing defendant in a Title VII action. *Cosgrove v. Sears, Roebuck & Co.*, 191 F.3d 98, 101-02 (2d Cir. 1999).

In any event, "good faith and the absence of frivolous claims, by themselves, do not require a district court to deny costs." *Whitfield*, 241 F.3d at 272-73; *see also Commer v. McEntee*, 2007 WL 2327065, at *3 (S.D.N.Y., Aug. 13, 2007) ("Whether an unsuccessful litigation was prosecuted in good faith is irrelevant, however, to whether costs should be awarded to a prevailing party"). Thus, plaintiff's arguments relating to frivolity and good faith are unavailing.[4]

While "the award of costs to the prevailing party is the norm under Rule 54 rather than the exception, it is well-settled that the district court has the discretion to deny costs that are otherwise properly taxable if equitable considerations warrant such a result." *Catalano*, 2009 WL 4342507, at *2. Examples of such equitable considerations include "misconduct by the

---

[4] To the extent that plaintiff further argues that an award of costs taxed against an unsuccessful civil rights plaintiff would deter such plaintiffs from prosecuting civil rights violations, this argument is rejected. *See, e.g., Karmel v. City of New York*, 2008 WL 216929, at *2 (S.D.N.Y., Jan. 9, 2008) ("[T]here is no per se rule prohibiting taxing costs upon unsuccessful civil rights Plaintiffs."); *see also Wray v. City of New York*, 2007 WL 2908066, at *1 (E.D.N.Y., October 4, 2007) ("Moreover, Congress has not sought to exclude civil rights cases from the reach of Rule 54(d)(1). It is thus not too much to ask any litigant, whether in a civil rights case or otherwise, to appreciate his possible exposure for a relatively small amount of costs in making the decision whether to commence litigation in a federal court.").

prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Whitfield*, 241 F.3d at 270. Appealing to the court's discretion, plaintiff urges consideration of the disparity in wealth between the parties, arguing that costs should not be imposed because plaintiff "suffers from Cerebral Palsy and lives upon a Social Security Disability [sic]" while the defendants enjoy far greater economic resources. (Plf. Opp. 4.) But, economic disparity is insufficient to support a denial of costs. *See, e.g., Graber v. United States*, 2003 WL 22743085, at *1 (S.D.N.Y., Nov. 20, 2003) ("[P]laintiff makes no claim of indigency but simply argues that the disparity in wealth between him and the Government should preclude the awarding of costs. On this unprecedented theory the Government would almost never obtain costs.") Even where the losing party is indigent, costs may be assessed. "[I]ndigency per se does not automatically preclude an award of costs." *Whitfield*, 241 F.3d at 270.

Moreover, plaintiff's claim of financial hardship is supported solely by the conclusory statement of counsel. Even if the court were to assume, however, that the $962.20 sought by defendants would represent some degree of financial hardship for plaintiff, the court is not obligated to deny costs on this basis alone. *See, e.g., Burchette v. Abercrombie & Fitch Stores, Inc.*, 2010 WL 3720834, at *5 (S.D.N.Y., Sept. 22, 2010) (notwithstanding its acceptance of plaintiff's "modest financial circumstances," the court refused to deny defendants recovery of more than $2,000 in costs). In the absence of any other reason to deny defendants the costs they seek, plaintiff's objections are rejected.

### B. The Nature and Amount of Costs Sought

#### a. Depositions Used by the Court

As previously stated, Rule 54(d) of the Federal Rules of Civil Procedure provides that

"costs" should be awarded to the prevailing party. Fed. R. Civ. P. 54(d)(1). These "costs" are defined by 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Among the items listed in Section 1920 are "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920. Additionally, Local Rule 54.1 provides that the costs of an "original transcript of a deposition, plus one copy, is taxable . . . if [it was] used by the Court in ruling on a motion for summary judgment or other dispositive substantive motion." Local Civ. R. 54.1(c)(2).

The court's "use" of a deposition within the meaning of Section 1920 and Rule 54.1 is evident where the court has explicitly cited to it, but such citation is not necessary. Rather:

> the filing of a deposition transcript necessarily means a court will "use" it, since summary judgment may be granted only "if the pleadings, *depositions*, answers to interrogatories, and admissions *on file*, . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

*Whitfield*, 241 F.3d at 271 (quoting Fed. R. Civ. P. 56(c)) (emphases in original). Here, excerpted transcripts from the depositions of both plaintiff and Charles Castro were filed in connection with defendants' motion for summary judgment and were cited throughout this court's decision granting the motion. *See generally*, *Castro*, ---F.Supp.2d ---, 2014 WL 2582830. There can be no dispute that these transcripts were "used" by the court, and the costs of the depositions of both plaintiff and Charles Castro are, therefore, recoverable.

The deposition of Sylvia Miranda, however, is something of a mystery. Although plaintiff has not raised this issue, the court's review reveals no such deposition filed in connection with defendants' motion for summary judgment. (*See, e.g.*, Eichenholz Am. Decl. ¶¶ 2(D)-(I), ECF Doc. #48) (stating that the deposition transcripts attached were those of plaintiff, Charles Castro, Julissa Ferreras, Angel Audiffred and John Smyth).) It is not clear from the

papers submitted whether this deposition was taken solely for investigative purposes, in which case the related costs are not taxable, *see* Local Civ. R. 54.1(c)(2) ("Costs for depositions taken solely for discovery are not taxable."); or, whether, perhaps, the bill for this transcript was inadvertently substituted for one relating to another witness. The court thus needs additional information in order to determine whether the costs claimed are taxable.

### b. Photocopies

Similarly, the court requires additional information relating to the number of photocopies of each transcript received and paid for. Although this issue also was not raised by plaintiff, the court's review of the invoices reflecting the fees paid to Diamond Reporting, Inc. for the transcripts of both plaintiff and Charles Castro reveals that the charges incurred are for an "ORIGINAL & 2 COPIES" of each. (*See* Eichenholz Decl. Ex. C at 1; Ex. D at 1; and Ex. F at 1.) As stated, Local Rule 54.1 provides that the costs of an "original transcript of a deposition, *plus one copy*, is taxable . . ." Local Civ. R. 54.1(c)(2) (emphasis added). Defendants are therefore directed to submit documentation showing the difference, if any, between the price of an original transcript plus one copy versus an original plus two copies. *See Pierre*, 2008 WL 1700441, at *6 (directing defendants to provide "documentary evidence to the Court from the court reporting company . . . confirming that the invoices only reflect charges for an original transcript and a single photocopy.").

### CONCLUSION

For the reasons set forth above, the court concludes that defendants are entitled to an award of costs under Fed. R. Civ. P. 54(d)(1) and Local Rule 54.1. The defendants, however, are directed to submit a revised bill of costs with the relevant supporting documentation, in accordance with this Memorandum and Order, by October 15, 2014.

Once this supplemental information is received, the court shall review it and issue the appropriate direction to the Clerk of Court.

SO ORDERED.

Date: September 15, 2014.
Brooklyn, NY

s/Nina Gershon
NINA GERSHON
United States District Judge